UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WAYNE ANTHONY BECKFORD,
        Petitioner

v.     Civil Action No. 05-11448-RWZ

SJC APPEAL COURT,
        Respondent.

MEMORANDUM AND ORDER

ZOBEL, D.J.

For the reasons set forth below, Petitioner Beckford's petition for writ of habeas corpus is dismissed.

BACKGROUND

On July 5, 2005, Petitioner Wayne A. Beckford, an immigration detainee confined at FDC Oakdale, in Oakdale, Louisiana, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition was submitted on a pre-printed form.  In the petition, Beckford seeks to challenge his conviction in Framingham District Court for drug distribution.  Petition ¶ 2(a)-(c).  He alleges that he pled not guilty to these charges and that on April 27, 2005 his conviction was upheld.  Petitioner now seeks to have his Massachusetts conviction vacated.  Petitioner filed an Affidavit of indigency, with a certification from the prison indicating he has a zero account balance.  Upon inquiry by the Court, information provided by the United States Attorney indicates that Petitioner is a Jamaican national, and is currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE").  He was originally released from ICE custody in 2002 and came back into ICE custody on May 27, 2005.  He has a hearing before the Immigration Judge on August 3, 2005.

ANALYSIS

I.        The Filing Fee

As noted above, Petitioner filed an Affidavit of indigency, with a certification from the prison indicating he has a zero account balance, and has no other assets or income. Based on this information, the Court finds that the Petitioner has demonstrated he is without sufficient funds to pay the $5.00 filing fee for habeas petitions. Accordingly, his Application to Proceed Without Prepayment of Fees is allowed.

II.       The Court May Screen This Petition

Under Rule 4(b) of the Rules Governing Section 2254 Cases (applicable to other habeas petitions), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994). Here, Petitioner's filing is legally deficient and will be dismissed for the reasons set forth below.

III.      Lack of Jurisdiction Over the Petitioner

To the extent petitioner brings this habeas petition pursuant to Section 2241, this Court does not have jurisdiction because Beckford is not in custody in this district. A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The court issuing the writ must have personal jurisdiction over the person who holds the

petitioner in custody. Rumsfeld v. Padilla, --U.S.--, 124 S. Ct. 2711, 2720 (2004) (Petitioner's legal custodian is the individual having day-to-day control over the facility in which the petitioner is being detained); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001).

Here, Petitioner's legal custodian is the warden of FDC Oakdale, the individual having day-to-day control over the facility in which he is being detained. Id. at 694. This Court does not have personal jurisdiction over the warden of FDC Oakdale, and therefore must either dismiss or transfer this petition to the proper district. Id. at 696. The Court declines to transfer this action.

IV.    Relief Pursuant to 28 U.S.C. § 2254

To the extent Petitioner is attempting to bring this action challenging his state court conviction pursuant to 28 U.S.C. § 2254, the petition is dismissed without prejudice, because he has not correctly identified the proper Respondent.

Moreover, Petitioner has not shown that he satisfies the "in custody" requirement for habeas relief under § 2254. Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). Thus, "[t]he first showing a § 2254 petitioner must make" is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 403-404 (2001) (quoting 28 U.S.C. § 2254). The "in custody" language of the federal habeas statutes, 28 U.S.C. §§ 2241, 2254, is jurisdictional and requires habeas petitioners to be in custody under the conviction or sentence they attack when they file the petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per

curiam); Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir. 1991). Once a prisoner's sentence expires, he is no longer "in custody" under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254. Lackawanna, 532 U.S. at 403-04.[1]

In this case, it is unknown whether Beckford's state sentence has expired, and the record is silent in this regard. Since Petitioner is currently in the custody of the Bureau of Immigration and Customs Enforcement ("BICE") and a removal hearing has been scheduled, it is likely that his state sentence has, in fact, expired. [2]

Nonetheless, it is still possible that Petitioner may be able to satisfy the "in custody" requirement for § 2254 habeas relief. It is well settled that the "in custody" requirement does not require actual, physical custody. Jones v. Cunningham, 371 U.S. 236, 240 (1963). Rather, the requirement can also be satisfied where there are "other restraints on a man's liberty, restraints not shared by the public generally..." Id. "[A]t the least there must be some type of continuing governmental supervision over the person." Tinder v. Paula, SND, 725 F.2d 801, 803 (1st Cir. 1984). See Jones, 371 U.S. at 242 (describing types of restraints on parolee).

---

[1] There are a few recognized exceptions to this expired state sentence rule. First, where the prior conviction was obtained in violation of the petitioner's right to counsel, and second, where there is no other channel of review available to the petitioner, through no fault of the petitioner. Additionally, where a prisoner is serving consecutive state sentences, he may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served. See Lackawanna County Dist. Attorney, 532 U.S. at 402-405. See also Daniels v. U.S., 532 U.S. 374, 378 (2001). Here, Petitioner's claims do not appear to fall within these categories.

[2] The fact that Beckford is in BICE detention does not render him "in custody" pursuant to a state court judgment, even if the detention arises from the challenged conviction. See Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir.), cert. denied, 73 U.S.L.W. 3353 (2004); Fordjour v. Stewart, 2003 WL 22416689, at *1 (N.D. Ca. Oct. 20, 2003 (Chesney, J.); Cuevas v. New York, 2002 WL 206985, at *2 (S.D.N.Y. Feb. 11, 2002) (Sweet, J.); Neyor v. I.N.S., 155 F. Supp. 2d 124, 134 (D.N.J. 2001).

Thus, notwithstanding his BICE detention, if Beckford is concurrently on probation or parole under the state conviction, or his liberty is otherwise restrained pursuant to the conviction, habeas relief may be available to him.  See  Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003) (petitioner on supervised probation is "still sufficiently 'in custody' to pursue federal habeas relief."); Hurtado v. Tucker, 245 F.3d 7, 10 n.2 (1st Cir. 2001) (habeas petitioner, paroled on a state conviction satisfied the "in custody" requirement of § 2254); Tinder, 725 F.2d at 803. (Probationers and parolees satisfy the § 2254 "in custody" requirement because they "... have been found to be under governmental supervision because parolees are generally released to the custody of the parole authorities and probationers are generally placed in the custody of probation officers").   The proper respondent would be the entity or persons charged with the custody and control of such supervision.  See Jones v. Cunningham, 371 U.S. 236, 242 (1963) (granting motion to add members of Parole Board as respondents, in addition to Parole Board).

In light of the above,  Petitioner has failed to state a cognizable claim for relief under § 2254.  To the extent Petitioner asserts such a claim, it is dismissed without prejudice.[3]

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that this action be DISMISSED.

SO ORDERED.

DATED: July 15, 2005

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[3]To avoid any prejudice to the Petitioner with respect to filing of second or successive petitions, see 28 U.S.C. § 2244(b)(1) and (b)(2), this Court will not, *sua sponte*, convert this action from a § 2241 petition into a § 2254 petition.  The dismissal of this petition is without prejudice.